UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


NOAH JAY GOLDMAN,                                              Case No. 3:17-cv-01763-JR

              Plaintiff,                                                      ORDER

       v.

FEDERAL BUREAU OF PRISONS,
et al.,

              Defendant.
_____

MCSHANE, District Judge:

       Plaintiff, a former inmate at the Multnomah County Inverness Jail, filed this civil rights

action and alleged violations of his rights under the Americans With Disabilities Act (ADA), the

Rehabilitation Act, and the Eighth Amendment. Plaintiff was granted leave to proceed in forma

pauperis and was provided the necessary form for service by the U.S. Marshals Service.

However, plaintiff did not provide USM instruction forms for the individually-named

defendants, and service has not been effectuated.

       Further, upon reconsideration of the claims alleged in plaintiff's complaint, the court

finds that he fails to state a claim for relief. Federal law authorizes federal courts to review cases

filed in forma pauperis to determine if a claim is "frivolous or malicious" or "fails to state a

1 - ORDER

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se

complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove

any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford

the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

(citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the

complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

(9th Cir. 1995) (per curiam). Here, I find plaintiff's complaint deficient in several respects that

cannot be cured by amendment.

According to plaintiff's complaint, in July 2017, he was transferred from federal custody

to the Northwest Regional Re-entry Center (NWRRC) for a portion of his one-year sentence.

Plaintiff alleges that in late July and August 2017, federal Bureau of Prison (BOP) officials

denied him prescribed medication to treat his opioid addiction while he was housed at NWRRC.

Specifically, plaintiff alleges that he obtained a prescription for suboxone from a private medical

care provider and provided it to his NWRRC case manager. The case manager, in turn, requested

approval from the BOP. Plaintiff alleges that defendant Cynthia James would not approve

plaintiff's use of suboxone at NWRRC because his medical treatment had not been approved by

the BOP. Instead, James suggested an alternative medication to be prescribed by a BOP-

approved provider. Compl. at 10-11. Plaintiff further alleges that while defendants "argued"

about bureaucratic requirements, he sought street drugs and relapsed in August 2017, resulting in

emergency hospitalization. *Id.* at 12. Plaintiff claims that defendants' denial of his medication

violated his rights under the ADA and Rehabilitation Act and exhibited deliberate indifference

toward his serious medical needs in violation of the Eighth Amendment. Plaintiff's allegations do not state a viable claim for relief.

First, the ADA does not apply to federal correctional facilities or federal employees. 42 U.S.C. § 12131(1); *Phillips v. Tiona*, 508 Fed. App'x 737, 752 (10th Cir. 2013) ("Title II of the ADA does not apply to federal prisoners in federal prisons, including those privately managed by corporations such as CCA."). To the extent plaintiff alleges a Rehabilitation Act claim, the Act does not waive the federal government's sovereign immunity as to money damages. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Second, plaintiff's allegations do not state a claim under the Eighth Amendment. To maintain an Eighth Amendment claim based on medical treatment, a prisoner must show: 1) the existence of "a serious medical need" such that the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and 2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted). "A prison official acts with deliberate indifference... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Here, plaintiff alleges that James denied the use of suboxone at NWRCC absent BOP approval and suggested plaintiff be prescribed an alternative medication. Compl. 10-11. Plaintiff does not allege facts that would suggest James acted "in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).[1]

---

[1] Plaintiff alleges no other specific conduct taken by James or any other BOP defendant. Likewise, plaintiff does not allege deliberate indifference on the part of NWRRC employees; plaintiff could not sustain an Eighth Amendment claims against them in any event. *E.g., Minneci v. Pollard*, 565 U.S. 118, (2012) (holding that a prisoner cannot assert an Eighth Amendment claim against private prison employees).

Finally, plaintiff alleges a violation of the Health Insurance Portability and Accountability Act of 1996, otherwise known as HIPAA. *See Ramsey v. Siskiyou Hosp.*, 2016 WL 3197557, at *2 (E.D. Cal. June 9, 2016) ("HIPAA generally prohibits certain medical care providers, or 'covered entities,' from disclosing a patient's protected health information beyond what is necessary to provide care for the individual"). As an initial matter, plaintiff does not allege that any of the named BOP defendants disseminated plaintiff's medical information. Regardless, plaintiff cannot state a claim for relief because "HIPAA itself provides no private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Moreover, the Ninth Circuit has held that "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them….Prisons need access to prisoners' medical records to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts." *Seaton v. Mayberg*, 610 F.3d 530, 534-35 (9th Cir. 2010).

## CONCLUSION

The deficiencies in plaintiff's Complaint cannot be cured by amendment, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this  14th  day of May, 2018.


s/Michael J. McShane_____
Michael J. McShane
United States Magistrate Judge